UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVETIK ARUTYUNOVICH MOSKOVYAN,<br><br>                                   Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security, et al.,<br><br>                                   Respondents. | Case No.: 3:25-cv-03537-RBM-AHG<br><br>**ORDER GRANTING HABEAS PETITION**<br><br>**[Doc. 1]** |

Pending before the Court are Petitioner Avetik Arutyunovich Moskovyan's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 (Doc. 1) and Notice of Motion and Memorandum of Law in Support of Temporary Restraining Order ("TRO Motion") (Doc. 2).  The Petition and the TRO Motion seek the same relief—Petitioner's release from detention.

For the reasons set forth below, the Petition (Doc. 1) is **GRANTED** and the TRO Motion (Doc. 2) is **DENIED AS MOOT**.

## I.   BACKGROUND

Petitioner was born in the former Union of Soviet Socialist Republics ("USSR") and first arrived in the United States in 1988 as a refugee.  (Doc. 1 at 2.)  Petitioner received

1

1    his lawful permanent residency in or around 1990. (*Id.*) "On August 19, 2013, he was

2    sentenced to 76 months in prison, followed by three years of supervised release, for a

3    money laundering conspiracy offense in the Southern District of Georgia." (*Id.*) Petitioner

4    was then released from prison on April 8, 2019, and transferred to ICE detention. (*Id.*) On

5    May 31, 2019, Petitioner was ordered removed to Armenia. (*Id.*; *see* Doc. 5-1 at 2.) He

6    was subsequently "held in immigration custody for an additional nine and a half months,

7    until he filed and won a pro se habeas petition." (Doc. 1 at 2.)

8         On January 23, 2020, Petitioner was released from ICE detention on an Order of

9    Supervision. (*Id.*; *see* Doc. 5-2 at 4.) Shortly thereafter, Petitioner was informed that he

10   needed to check-in with ICE every three months. (Doc. 1 at 2.) Petitioner checked in twice

11   with ICE before he was told not to report in person due to the COVID-19 pandemic. (*Id.*)

12        On October 15, 2025, Petitioner was re-detained by ICE at Camp Pendleton while

13   he was dropping off a passenger as a driver for Lyft. (*Id.* at 3.) After his arrest, Petitioner

14   told the ICE officers that he had won a habeas petition in 2019. (*Id.*) The officers

15   responded, "that was during the Biden administration, and that they were now under the

16   Trump administration." (*Id.*) Petitioner was provided with a Notice of Revocation of

17   Release on October 16, 2025, which erroneously states that he was granted withholding of

18   removal to Armenia. (Doc. 5 at 2; *see* Doc. 5-2 at 2.) Petitioner has not had an opportunity

19   to contest his re-detention, spoken to an immigration judge, or been given any paperwork.

20   (*Id.* at 4.) Petitioner remains detained in the Otay Mesa Detention Center. (Doc. 5 at 2.)

## II.    LEGAL STANDARD

22        A writ of habeas corpus is "available to every individual detained within the United

23   States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).

24   "The essence of habeas corpus is an attack by a person in custody upon the legality of that

25   custody, and . . . the traditional function of the writ is to secure release from illegal

26   custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may

27   be granted by the Supreme Court, any justice thereof, the district courts and any circuit

28   judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the

1    burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or

2    treaties of the United States."  *Id.* § 2241(c)(3).

3                                    **III.    DISCUSSION**

4            Petitioner claims his current detention violates his statutory and regulatory rights,

5    *Zadvydas v. Davis*, 533 U.S. 678 (2001), and the Fifth Amendment's Due Process Clause.

6    (Doc. 1 at 4.)   Respondents acknowledge that "Petitioner was not provided an accurate

7    Notice of Revocation of Release or provided an informal interview regarding the reason

8    for the revocation of his release."  (Doc. 5 at 4 (citing Doc. 5-4, Declaration of Jason Cole

9    ["Cole Decl."] ¶ 13).)  They also assert that "ICE has worked as expeditiously as possible

10   to execute his removal to Armenia" and "[i]f ICE is unable to obtain a travel document

11   from the Armenian government, it will seek to identify a third country where Petitioner

12   may be removed."  (*Id*. (citing Cole Decl. [Doc. 5-4] ¶¶ 14–17).)

13          This Court has recently granted several habeas petitions filed by similarly situated

14   petitioners based on ICE's failure to follow its own regulations in revoking the petitioner's

15   release.   For example, in *Ghafouri*, the Court determined that ICE failed to follow its

16   regulations because: (1) the petitioner was not provided adequate notice when he received

17   a Notice of Revocation of Release containing incorrect information; and (2) ICE did not

18   conduct an informal interview or provide the petitioner an opportunity to respond to the

19   reasons for his re-detention.  *Ghafouri v. Noem*, Case No.: 3:25-cv-02675-RBM-BLM,

20   2025 WL 3085726, at *4 (S.D. Cal. Nov. 4, 2025).

21          Here, it is undisputed that Respondents did not provide Petitioner with an informal

22   interview or an accurate notice of revocation.  (*See* Doc. 5 at 4; Cole Decl. [Doc. 5-4] ¶ 13.)

23   Like in *Ghafouri*, the Notice of Revocation of Release that Petitioner received erroneously

24   stated that he was granted withholding of removal.  (*Id*. at 2.)  Petitioner has also not been

25   provided with an informal interview to respond to the reasons for the revocation of his

26   release.  (*Id*.)  The Court therefore adopts its reasoning in *Ghafouri* and applies it here.  For

27   those same reasons, ICE's failure to comply with its regulations in revoking Petitioner's

28   release violated Petitioner's due process rights and rendered his detention unlawful.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### IV.   CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**.  Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to his preexisting Order of Supervision.

2. Petitioner's TRO Motion (Doc. 2) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

DATE:  January 8, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:25-cv-03537-RBM-AHG